FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

UNITED STATES DISTRICT COURT

2007 FEB 22 PM 5: 04

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

CLERK
SO. DIST. OF GA.

HENRY L. LESTER,          *
                                                      *
       Petitioner,                 *
                                                       *
v.                                                         *      Case No. CV606-058
                                                        *
RALPH BATTLE, WARDEN,    *
                                                        *
       Respondent.               *

## REPORT AND RECOMMENDATION

Petitioner has filed for a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. For the reasons that follow, the Court recommends that the petition be DISMISSED.

### I. Background

Petitioner Henry L. Lester was convicted on June 20, 1997, in Bulloch County after a jury trial for voluntary manslaughter. Resp. Ex. 2. He was sentenced to twenty years' incarceration. Petitioner appealed his conviction and sentence, which were affirmed on August 12, 2003. Lester v. State, 586 S.E.2d 408 (2003). Petitioner filed an application for

certiorari to the Georgia Supreme Court, and the application was denied on January 12, 2004. Lester v. State, No. S03C1849 (Ga. Jan. 12, 2004).

Petitioner filed a state habeas corpus petition in Richmond County on September 17, 2004. Resp. Ex. 1. The habeas corpus court denied relief on March 23, 2005. Resp. Ex. 3. Petitioner's application for a certificate of probable cause to appeal the denial of state habeas corpus relief was denied on May 9, 2006. Resp. Ex. 4.

Petitioner executed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 21, 2006, asserting the following grounds for relief:

(1)  Appellate counsel was ineffective for failing to subpoena the witnesses that petitioner requested;

(2)  Petitioner was denied due process because of conspiracy of the trial judge, district attorney, petitioner's trial counsel, and petitioner's appellate counsel;

(3)  The trial transcript contains the purported testimony of two witnesses who never so testified at trial;

(4)  Petitioner was denied due process and the right to a fair trial when the trial judge:

2

  (a) entered the jury room during deliberations;

  (b) left the bench to show photographs to the jury;

  (c) admitted into evidence photographs of the deceased;

(5) Trial counsel was ineffective for failing to object to the admission of the photographs;

(6) Petitioner was denied due process when the prosecuting attorney entered the jury room during deliberations;

(7) Petitioner was not present for the recharging of the trial jury;

(8) Petitioner was not present for sentencing;

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Court must first determine the scope of its review of the state court's legal and factual determinations. In <u>Neeley v. Nagle</u>, 138 F.3d 917, 922-25 (11th Cir. 1998), the Eleventh Circuit outlined a three-step analysis to be applied in reviewing a § 2254 petition. First, a court must determine the "clearly established" law by "'survey[ing] the legal landscape' at the time the state court adjudicated the petitioner's claim to determine the applicable Supreme Court authority . . . ." <u>Id.</u> at 923.[1] A legal principle is "clearly established" if "Supreme Court precedent would have compelled a particular result in the case." <u>Id.</u>; <u>see also</u> <u>Hogan v. Hanks</u>, 97 F.3d 189, 192 (7th Cir. 1996) ("[A] rule [is] not 'clearly established' unless it [is] 'compelled by existing precedent.'").

The court must then determine whether a state court's adjudication of the claim was "contrary to" the clearly established Supreme Court precedent. <u>Neeley</u>, 138 F.3d at 923. A decision is "contrary to" the then-

---

[1] Only the rules articulated by the Supreme Court may be considered to determine the reasonableness of a state court decision. <u>Lindh</u>, 96 F.3d at 869; <u>accord</u> <u>Green</u>, 143 F.3d at 874. "This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court." <u>Lindh</u>, 96 F.3d at 869. Furthermore, it is only the holdings, not the dicta, of Supreme Court decisions that constitute "clearly established Federal law" within the meaning of the statute. <u>Williams v. Taylor</u>, 120 S. Ct. 1495, 1523 (2000).

4

existing federal law if the state court either failed to apply the proper Supreme Court precedent or reached a different conclusion than the Supreme Court on substantially similar facts. Id. at 923, 924.

If the state court has applied the proper law, the federal court must then determine whether the state court's adjudication of the claim is an "unreasonable application" of Supreme Court authority. Id. at 924. This provision refers to mixed questions of law and fact. Id.; Drinkard v. Johnson, 97 F.3d 751, 767 (5th Cir. 1996); Lindh v. Murphy, 96 F.3d 856, 870 (7th Cir. 1996) (en banc), rev'd on other grounds, 117 S. Ct. 2059 (1997).[2] Under this standard of review, a federal court may not grant habeas relief based on its mere disagreement with the state court's decision because "[t]his would amount to de novo review, which Congress clearly did not intend." Neeley, 138 F.3d at 924; see H.R.Conf.Rep. No. 518, 104th Cong., 2nd Sess. 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944, 944 (indicating that § 2254(d)(1) "requires deference to the determinations of state courts that are neither 'contrary to,' nor an

---

[2] The Supreme Court held in Lindh that the standard of review provisions in § 2254(d) do not apply to cases that were pending at the time the AEDPA went into effect.

'unreasonable application of,' clearly established federal law"). The Seventh Circuit summarized its interpretation of amended § 2254(d)(1):

> The Supreme Court of the United States sets the bounds of what is "reasonable"; a state decision within those limits must be respected — not because it is right, or because federal courts must abandon their independent decisionmaking, but because the grave remedy of upsetting a judgment entered by another judicial system after full litigation is reserved for grave occasions. That is the principal change effected by § 2254(d)(1).

Lindh, 96 F.3d at 871.

Noting that two courts "can differ over the proper resolution of a close question without either viewpoint being unreasonable" the Neeley court concluded that a federal court may grant the writ "'only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.'" Neeley, 138 F.3d at 768 (quoting Drinkard, 97 F.3d at 769). "In effect, a reasonable, good faith application of Supreme Court precedent will immunize the state court conviction from federal habeas reversal, even if federal courts later reject that view of the applicable precedent." Mata v. Johnson, 99 F.3d 1261, 1268 (5th Cir. 1996), vacated in part on other grounds, 105 F.3d 209 (5th Cir. 1997).[3]

---

[3]The Seventh Circuit likewise held that a perfunctory analysis is sufficient as long as the state court's conclusion is reasonable:
   [O]f course the better the job the state court does in explaining the

Recently, the Eleventh Circuit recognized that the "reasonable jurist" standard, which the <u>Neeley</u> court identified as the third step in applying § 2254(d)(1), was squarely rejected by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S .Ct. 1495, 1521-22 (2000). <u>Parker v. Head</u>, 244 F.3d 831, 835 (11th Cir. 2001). In <u>Williams</u> the Supreme Court held that a federal court applying the "unreasonable application" clause of § 2254(d)(1)

> should ask whether the state court's application of clearly established federal law was *objectively* unreasonable. The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case.

<u>Williams</u>, 120 S. Ct. at 1521-22 (emphasis added).

---

grounds for its rulings, the more likely those rulings are to withstand further judicial review. That is just realism. It doesn't follow that the criterion of a reasonable determination is whether it is well-reasoned. It is not. It is whether the determination is at least minimally consistent with the facts and circumstances of the case.

<u>Hennon v. Cooper</u>, 109 F.3d 330, 334 (7th Cir. 1997) (Posner, J.); <u>see</u> <u>Sweeney v. Parke</u>, 113 F.3d 716, 718 (7th Cir. 1997) (holding state court determination reasonable if minimally consistent with facts and circumstances of case). The court suggested that the term "unreasonable" was stronger than "erroneous" and perhaps stronger than "clearly erroneous." <u>Hennon</u>, 109 F.3d at 334 (citation omitted); <u>see also</u> <u>Holman v. Gilmore</u>, 126 F.3d 876, 882 (7th Cir. 1997) (finding only clear error in applying <u>Strickland</u> would justify granting habeas relief); <u>Berryman v. Horton</u>, 100 F.3d 1089, 1103 (3d Cir. 1996) (finding state court determination reasonable unless it makes "grave error").

The court then emphasized that a federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 1522. With these considerations in mind, the Court will now turn to petitioner's asserted grounds for relief.

## III. ANALYSIS

### A. Performance of Appellate Counsel

Petitioner alleges that his appellate counsel was ineffective in that he failed to subpoena witnesses that petitioner wanted. Petitioner also claims that appellate counsel ignored petitioner's letters and lied to petitioner about how he was going to proceed with the appeal.

While less frequent than challenges to the effectiveness of trial counsel, claims of ineffective assistance of appellate counsel are well recognized. Evitts v. Lucey, 469 U.S. 387, 396-99 (1985); Alvord v. Wainwright, 725 F.2d 1282 (11th Cir. 1984). The Supreme Court has held that the Strickland test applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986). In

Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant had received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The petitioner carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

9

Under the prejudice prong, a petitioner must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Court is left to determine whether the state habeas court properly applied Supreme Court precedent, in this case the Strickland standard, and whether the precedent was applied reasonably. The record indicates that the state court did indeed apply the Strickland test. Resp. Ex. 3 at 8. The state habeas corpus court found that appellate counsel reviewed all the trial transcripts and the clerk's record prior to filing the appeal. Id. at 9. The court also found that counsel adequately consulted with petitioner throughout the appellate process and that counsel raised the most obvious and meritorious issues on appeal. Id.

After review of the evidentiary record of the case, this Court finds the state habeas court's determination to be a reasonable one. Petitioner has failed to overcome the presumption of effectiveness in his appellate

counsel's development of appellate strategy. This ground for relief must fail.

### B. Allegations of Conspiracy

Petitioner alleges that his conviction was obtained through a conspiracy between the judge, the district attorney, and his trial and appellate counsel. Petitioner's asserts that his appellate counsel intentionally ignored his requests to subpoena witnesses as part of this conspiracy.[4]

Petitioner has failed to plead the requisite specific factual allegations necessary to support his tangential contention that his attorneys entered into a conspiracy with the judge and prosecutor to deny him a fair trial. See Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977) (noting that notice pleading is not sufficient for habeas petition) (citing Advisory Committee Note to Rule 4, Rules Governing Section 2254 Cases); Beard v. Clarke, 18 Fed. Appx. 530, 531, 2001 WL 1006104, *1 (9th Cir. Aug. 29, 2001) (affirming dismissal of habeas petition which raised conclusory allegations unsupported by any facts); Rule 2, Rules

---

[4]Petitioner refers to the "conspiracy" in the heading introducing his ground for relief, but at no time does he offer any supporting facts for this contention.

11

Governing § 2254 Cases (requiring petitioner to state "facts supporting each ground" and "relief requested").

Plaintiff's assertion that his attorneys engaged in a conspiracy with the state prosecutor and trial judge is a mere conclusory allegation without any supporting facts. Such a naked assertion of conspiracy, particularly when considered in light of this Court's prior review of the state court record, furnishes no basis for relief. Habeas relief on this ground must be denied.

### C.    Inclusion of Testimony Not Made at Trial

Petitioner contends that the transcript from his trial was impermissibly altered to include the testimony of a witness who did not testify at trial and to extend the testimony of a second witness to include a cross-examination that never took place. The state habeas corpus court examined this issue, Resp. Ex. 2 at 13-16, but did not specifically address it in its order.

Petitioner was able to provide no evidence of an alteration of the trial transcript. Petitioner stated that his "peoples" who were at the trial would corroborate his claims and urged that there was no subpoena of the first witness. Id. at 14. However, petitioner's appellate counsel

12

testified that he had subpoenaed the witnesses that petitioner had requested for the new trial hearing, including various members of petitioner's family, and that their testimony supported the original transcript rather than petitioner. Id. at 65.

Petitioner's allegations are conclusory and unsupported by the record, and the underlying facts were fully developed in the state court. This claim is without merit and should be denied.

**D. Judicial Conduct**

Petitioner contends that the trial judge acted improperly by entering the jury room during deliberations. The state habeas corpus court examined this claim and determined that petitioner did not put forth any credible evidence of inappropriate communications between the judge and jury. Resp. Ex. 3 at 7. Therefore, the court found that any such communications were merely a cordial exchange of pleasantries rather than talk of anything related to the trial. Id.

When evaluating any claim of judicial misconduct, a court must be directed by the principles that "a 'trial judge has a duty to conduct the trial carefully, patiently, and impartially. He must be above even the appearance of being partial to the prosecution.'" United States v.

Butera, 677 F.2d 1376, 1382 (11th Cir. 1982) (citations omitted). Petitioner provided no evidence or argument that the state habeas corpus court applied the incorrect constitutional standard or unreasonably interpreted the facts. The Court finds that the state habeas court properly applied the standard of review in this case, and this Court defers to its findings.

### E. Procedural Default

It does not appear that the grounds raised in issues (4)(b) through (8) of this petition have been raised by petitioner at trial, on direct appeal, or in his state habeas proceedings.[5] Petitioner's failure to exhaust his state remedies on these grounds is excused by the unavailability of an existing remedy under Georgia's successive petition rule. O.C.G.A. 9-14-51;[6] Baldwin v. Johnson, 152 F.3d 1304, 1311 (11th Cir. 1998).

---

[5]The Court notes that petitioner did raise ineffective assistance of trial counsel in his state habeas corpus petition. However, he did not raise the specific factual claims of ineffective assistance of trial counsel he raises in his current § 2254 petition. It is the specific factual claim, not the general claim of ineffectiveness, that must be presented to the state court to avoid procedural default. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); McNair v. Campbell, 416 F.3d 1291, 1302-03 (11th Cir. 2005).

[6]Georgia's successive petition provision provides:

14

In Chambers v. Thompson, 150 F.3d 1324 (11th Cir. 1998), the Eleventh Circuit made clear, however, that "[t]he Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question 'could not reasonably have been raised in the original or amended [state habeas] petition.'" Id. at 1327 (quoting O.C.G.A. § 9-14-51). Thus, unless petitioner can present cause for his failure to raise these issues in his state habeas petition, this Court will be procedurally barred from addressing the issues.

Petitioner presents no excuse for his failure to raise the issues in the state habeas proceeding. Accordingly, this Court finds that petitioner's remaining grounds for relief are procedurally defaulted.

---

> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or the State of Georgia otherwise requires, or any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

O.C.G.A. § 9-14-51.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that petitioner fails to state grounds on which § 2254 relief may be granted. Accordingly, the instant petition should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 22nd day of February, 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA